J-S27041-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DREW D'AGOSTINO, | |
| Appellant | No. 1207 EDA 2016 |

Appeal from the Judgment of Sentence March 22, 2016
in the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0013598-2008

BEFORE: GANTMAN, P.J., OTT, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED JUNE 19, 2017**

Appellant, Drew D'Agostino, appeals from the judgment of sentence of not less than two and one-half years' nor more than five years' incarceration in a state correctional institution, imposed following the third revocation of his probation. Appellant claims chiefly that his sentence was manifestly excessive. We affirm.

On December 14, 2007, Appellant was arrested and charged with aggravated assault, robbery, and conspiracy to commit robbery. (*See* Trial Court Opinion, 6/17/16, at 1).[1] On March 2, 2010, Appellant entered a

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Appellant drove the getaway car in an armed robbery. (*See* Commonwealth's Brief, at 2).

negotiated guilty plea to robbery and conspiracy, both felonies of the first degree. The trial court imposed the agreed-on sentence of ten years' probation on each count, concurrent.

The court revoked Appellant's probation twice previously for a variety of violations, most notably, twice attempting to provide fake urine samples, and numerous urinalysis tests which proved positive for opiates, cocaine, and benzodiazepines.[2] The trial court treated Appellant with notable leniency (*e.g.*, granting early parole twice). However, the court also warned Appellant both times that if he violated his probation again he faced state incarceration. (**See** Trial Ct. Op., at 2).

After his most recent drug test failure, the trial court revoked Appellant's probation and imposed a sentence of not less than two-and-a-half nor more than five years' incarceration in a state correctional institution.[3] The court noted that the sentence was necessary to vindicate the authority of the court. (**See id.** at 4; **see also** N.T. Sentencing, at 12). This timely appeal followed.[4]

Appellant presents one question for our review.

_____

[2] Appellant also failed to get a GED or complete job training. (**See** N.T. Sentencing, 3/22/16, at 4-5).

[3] The court included a recommendation for incarceration at SCI Chester which had facilities for drug treatment.

[4] Appellant filed a court-ordered statement of errors on June 14, 2016. The court filed an opinion on June 17, 2016. **See** Pa.R.A.P. 1925.

Was not the sentence of two and one-half to five years [of] incarceration for a technical violation of probation manifestly excessive, unreasonable, disproportionate to the conduct at issue, and not in conformity with the requirements of the Sentencing Code?

(Appellant's Brief, at 4).

Appellant challenges the discretionary aspects of his sentence. Our standard of review in an appeal from the discretionary aspects of a sentence is well settled:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. An abuse of discretion is more than just an error in judgment and, on appeal, the trial court will not be found to have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, bias or ill-will.

*Commonwealth v. McNabb*, 819 A.2d 54, 55 (Pa. Super. 2003) (citations omitted).

Upon revoking probation, "the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing, due consideration being given to the time spent serving the order of probation." 42 Pa.C.S. § 9771(b). Thus, upon revoking probation, the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence, although once probation has been revoked, the court shall not impose a sentence of total confinement unless it finds that:

(1) the defendant has been convicted of another crime; or

(2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or

- 3 -

> > (3) such a sentence is essential to vindicate the authority of the court.

> 42 Pa.C.S. § 9771(c).

**Commonwealth v. Pasture**, 107 A.3d 21, 27–28 (Pa. 2014).

"There is no absolute right to appeal the discretionary aspects of a sentence." **Commonwealth v. Reyes**, 853 A.2d 1052, 1055 (Pa. Super. 2004) (citation omitted). To reach the merits of a discretionary sentencing issue, we conduct a four-part analysis to determine: (1) whether Appellant filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether Appellant's brief contains a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence pursuant to Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, or is contrary to the fundamental norms which underlie the sentencing process. **See Commonwealth v. Mastromarino**, 2 A.3d 581, 585 (Pa. Super. 2010), *appeal denied*, 14 A.3d 825 (Pa. 2011).

Here, Appellant timely filed his notice of appeal, satisfying the first prong of the test. Appellant also filed a timely post-sentence motion raising a claim of an excessive sentence. However, as noted, two more requirements must be met before we will review such a challenge on its merits.

First, an appellant must set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence.  *See* Pa.R.A.P. 2119(f).  Secondly, the appellant must show that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code, or the fundamental norms which underlie the sentencing process.  We evaluate whether a particular issue raises a substantial question on a case-by-case basis.  *See Commonwealth v. Ferguson*, 893 A.2d 735, 737 (Pa. Super. 2006), *appeal denied*, 906 A.2d 1196 (Pa. 2006); *Commonwealth v. Titus*, 816 A.2d 251, 255 (Pa. Super. 2003).

Here, Appellant has included in his brief a Rule 2119(f) statement in support of review of the discretionary aspects of the sentence.  (*See* Appellant's Brief, at 8-10); *see also* Pa.R.A.P. 2119(f).

However, the Commonwealth argues that Appellant has failed to present a substantial question because his Rule 2119(f) statement consists only of a bare conclusory allegation of excessiveness and a series of citations and authority, without an explanation of how the general principles cited relate to the trial court's alleged abuse of discretion.[5]  (*See* Appellant's Brief,

---

[5] Notably, Appellant concedes that the violation of his probation entitled the court to re-sentence him.  (*See* Appellant's Brief, at 9).

at 8-10; Commonwealth's Brief, at 10-11). On independent review, we agree.

Appellant makes bald, serial claims that his sentence is disproportionate, manifestly excessive, and so forth, but fails to show specific actions by which the trial court acted inconsistently with the Sentencing Code or contrary to the fundamental norms underlying the sentencing process.

Appellant notes repeatedly that the probation officer requested inpatient drug treatment, implying that the court's sentence of incarceration was an abuse of discretion. (*See e.g.*, Appellant's Brief, at 6). The assertion is incomplete and misleading. The probation officer did suggest that Appellant "have another FIR[6] inpatient treatment" because "[o]utpatient isn't working for him." (N.T. Sentencing, at 7, 8). The trial court responded that Appellant had already received a FIR evaluation, which recommended **outpatient** treatment. (*See id.* at 8).

"We emphasize a trial court does not necessarily abuse its discretion in imposing a seemingly harsher post-revocation sentence where the defendant received a lenient sentence and then failed to adhere to the conditions

---

[6] FIR (Forensic Intensive Recovery) is a diversionary program managed by PHMC (the Public Health Management Corporation of Philadelphia). FIR offers eligible participants substance abuse treatment in lieu of incarceration. FIR appears to provide predominantly for outpatient treatment.

imposed on him." ***Pasture***, ***supra*** at 28 (citation omitted). Accordingly, we conclude that Appellant has failed to raise a substantial question for review.[7]

Judgment of sentence affirmed.

President Judge Gantman joins the Memorandum.

Judge Ott concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/19/2017

---

[7] Moreover, we observe for completeness and clarity that Appellant's claim of excessiveness focuses exclusively on the sentence as it relates to the violation of probation, with no regard for the sentencing options available based on the original offenses to which he pleaded guilty. ***See*** 42 Pa.C.S.A. § 9771(b); ***Pasture***, ***supra*** at 27–28.

- 7 -